UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD MICHAEL CREEL,<br>Plaintiff,<br>v.<br>THE STATE BAR OF CALIFORNIA, *et al.*,<br>Defendants. | Case No. 2:26-cv-2555-DC-JDP (PS)<br><br>ORDER |

Plaintiff Chad Michael Creel brings this action against the State Bar of California and Roy Kim. I will dismiss the complaint and give plaintiff an opportunity to remedy the deficiencies identified below. I will also grant plaintiff's *in forma pauperis* application, which makes the required showing. Lastly, I will deny plaintiff's motions for evidence preservation and coordination of a state court action involving him.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

It is difficult to understand plaintiff's complaint. Plaintiff captions his complaint as a "notice of pendency of related proceedings" and asks the court to preserve certain rights. ECF No. 1 at 8-9. The complaint then proceeds to summarize other proceedings in which plaintiff allegedly has been involved. *See id*. at 10-22. One such proceeding is a Glenn County Superior Court action involving plaintiff, the State Bar of California, and Roy Kim. *Id*. at 19. Plaintiff alleges that, in that state court action, he was designated as a vexatious litigant, a "substantial security bond was required," and he "cannot afford the required bond." *Id*. at 20. Consequently, plaintiff pleads that "[t]he state action is stayed, frozen, or functionally inaccessible because Plaintiff cannot furnish the required security." *Id*. at 21.

While plaintiff specifies that he "does not ask through [the complaint] for the federal court to vacate or directly review" the state court order designating him a vexatious litigant and imposing a security bond, he does not plead any particular relief. *See id*. at 22, 41-42. What is more, plaintiff does not identify any legal claims against either the State Bar of California or Kim. *See* ECF No. 1 at 1-44.

Plaintiff's complaint also does not comply with Rule 8. All complaints, even those filed pro se, must adhere to pleading requirements delineated by Rule 8. *See McHenry v. Renne*, 84 F.3d 1172, 1178-79 (9th Cir. 1996) (concluding that a court may dismiss a pro se litigant's complaint for noncompliance with Rule 8); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."). Compliance with Rule 8 requires "a short and plain statement showing that the pleader is entitled to relief," *see* Fed. R. Civ. P. 8(a)(2), and each allegation "must be simple, concise, and direct," *see* Fed. R. Civ. P. 8(d)(1). Courts have described the Rule 8 standard as the "fair-notice" standard, which requires that a pleading "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atl. Corp.*, 550 U.S. at 555.

The complaint spans 585 pages and appears to be comprised of several different pleadings.[1] The Court of Appeals has affirmed the dismissal of shorter complaints under Rule 8. *See Lindblad v. Bolanos*, No. 22-16200, 2023 WL 8047762, at *1 (9th Cir. Nov. 21, 2023) (affirming dismissal of a 95-page complaint for failure to comply with Rule 8); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985) (affirming dismissal of a 70-page complaint for failure to comply with Rule 8). In line with these holdings, the court finds that the complaint violates Rule 8; indeed, it is far from "simple, concise, and direct." *See* Fed. R. Civ. P. 8(d)(1).

Accordingly, the complaint will be dismissed with leave to amend. Plaintiff may file an amended complaint, but it must be no longer than 20 pages, including exhibits. Any amended complaint will entirely supersede the initial one and must be complete in itself. It should be titled "First Amended Complaint" and be filed within fourteen days of this order's entry.

---

[1] The court has only reviewed the first 44 pages of the complaint, up until plaintiff's signature.

Lastly, because plaintiff has not stated a cognizable claim, I will deny as premature his motion for evidence preservation, ECF No. 2, and his motion to "coordinate related federal and Glenn Conty state-court proceedings," ECF No. 4.[2]

Accordingly, it is ORDERED that:

1. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

2. Within fourteen days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

5. Plaintiff's application to proceed *in forma pauperis*, ECF No. 5, is GRANTED.

6. Plaintiff's motion for evidence preservation, ECF No. 2, is DENIED.

7. Plaintiff's motion for coordination of a state court action, ECF No. 4, is DENIED.

IT IS SO ORDERED.

Dated: September 1, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

[2] Plaintiff captions this motion as seeking accommodations and permission to electronically file documents. ECF No. 4 at 1. However, the motion does not make those requests; instead, it asks the court to "coordinate" this action with the Glenn County Superior Court action. *See id*. at 3-22.