UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHAD MICHAEL CREEL,

Plaintiff,

v.

THE STATE BAR OF CALIFORNIA, *et al.*,

Defendants.

Case No. 2:26-cv-2555-DC-JDP (PS)

FINDINGS AND RECOMMENDATIONS

Plaintiff Chad Michael Creel brings this action against the State Bar of California and Roy Kim for allegedly failing to meaningfully investigate plaintiff's complaints of attorney misconduct. For the reasons stated below, I recommend that the first amended complaint ("FAC") be dismissed without leave to amend.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Background**

After plaintiff was involved in "manufactured-housing disputes," he "complained to the State Bar because he believed attorney conduct warranted investigation and, if proved, discipline." ECF No. 9 ¶ 4. "Plaintiff alleges that instead of transparent public-protection review, he encountered delay, nonresponse, disciplinary secrecy, records resistance, broad objections, procedural deflection, and inadequate explanation of what was investigated or why complaints were closed." *Id.* ¶ 5.

Plaintiff initiated a related action "in the Superior Court of California for the County of Glenn involving the State Bar of California, Roy Kim, or related persons." ECF No. 1 at 19. He alleges that the state court action involved "the State Bar's conduct," "Plaintiff's complaints," "disability and indigence," "access to courts," "State Bar records," "attorney-conduct concerns,"

and "related public-protection issues." *Id*. at 20.

In that action, the state court deemed plaintiff a vexatious litigant. *Chad Creel v. State Bar of California, Roy Kim*, No. 25CV00260 (Cal. Super. Ct. Mar. 13, 2026). The state court further held that plaintiff did not "have a reasonable probability of prevailing" in that action because "only the [State] Bar and the California Supreme Court have jurisdiction over attorney licensing and misconduct." *Id*. (citing *Sheller v. Superior Ct.*, 158 Cal. App. 4th 1697, 1710 (2008)). Consequently, the state court ordered plaintiff to post security of $7,500 before the action proceeded. *Id*. Plaintiff did not post security and, as a result, the state court dismissed the action and entered judgment.[1] *Chad Creel v. State Bar of California, Roy Kim*, No. 25CV00260 (Cal. Super. Ct. Aug. 7, 2026).

**Analysis**

The FAC must be dismissed for two independent reasons. First, plaintiff lacks standing. "Standing is the threshold issue of any federal action, a matter of jurisdiction because 'the core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III.'" *Employers-Teamsters Local Nos. 175 & 505 Pension Tr. Fund v. Anchor Cap. Advisors*, 498 F.3d 920, 923 (9th Cir. 2007) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)). To establish Article III standing, a plaintiff must show (1) an injury-in-fact that is both (2) causally connected to the defendant's challenged conduct and (3) likely to be "redressed by a favorable decision." *Lujan*, 504 U.S. at 560-61 (internal citations and quotation marks omitted).

The Supreme Court has held that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619

---

[1] The state court's order does not have res judicata effect. California Code of Civil Procedure § 391.2 provides that where, as here, an action is dismissed under § 391.4 for failure to furnish security, "no determination made by the court in determining or ruling upon the motion [for order requiring security] shall be or be deemed to be a determination of any issue in the litigation or of the merits thereof." Additionally, because plaintiff does not challenge the state court's order, it does not appear that the instant action is barred under *Rooker-Feldman* on the basis of the state court action. *See Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) ("Under *Rooker-Feldman*, a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court. The United States Supreme Court is the only federal court with jurisdiction to hear such an appeal.").

(1973). Courts in this Circuit have extended this holding to matters of attorney discipline and held that a private citizen does not have a judicially cognizable interest in the discipline of a third-party attorney. *See Turnbull v. Off. of Disciplinary Couns.*, No. 3:23-cv-1619-RAJ, 2024 WL 5398578, at *4 (W.D. Wash. Dec. 27, 2024) (collecting cases). Here, "[a]s the complainant in a disciplinary matter, plaintiff lacks standing to sue those charged with investigating and resolving complaints concerning attorney conduct." *See Clark v. Wells Fargo Bank*, No. 6:20-cv-0253-AA, 2021 WL 1232785, at *12 (D. Or. Mar. 31, 2021); *see also Doyle v. Oklahoma Bar Ass'n*, 998 F.2d 1559, 1567 (10th Cir. 1993) (holding that "the only one who stands to suffer direct injury in a disciplinary proceeding is the lawyer involved"). Plaintiff's claimed injuries stem from the State Bar's alleged failure to discipline a complained-of attorney. On that basis, plaintiff has not suffered a direct injury to establish standing to sue defendants.

Second, this court does not have jurisdiction to review the State Bar's actions. While attorney discipline was previously "administered by the [state] courts under their inherent judicial power[,]" the State Bar Act was amended in 1951 "to exclude superior courts and appellate courts from exercising such jurisdiction, leaving the [California] Supreme Court as the sole judicial entity with jurisdiction over attorney discipline." *Sheller*, 158 Cal. App. 4th at 1710. "Thus, in California, the inherent judicial power of the superior court does *not* extend to attorney disciplinary actions. That power is exclusively held by the [California] Supreme Court and the State Bar, acting as its administrative arm." *Id*. (emphasis in original). Indeed, even the State Bar "exercises no judicial power, but rather makes recommendations to [the California Supreme Court], which then undertakes an independent determination of the law and the facts, exercises its inherent jurisdiction over attorney discipline, and enters the first and only disciplinary order." *In re Rose*, 22 Cal. 4th 430, 436 (2000).

The FAC alleges that the State Bar failed to adequately investigate plaintiff's complaints and to convey the results of such investigation to plaintiff. However, as established, only the California Supreme Court has jurisdiction over attorney discipline matters handled by the State Bar. *See id*.; *Sheller*, 158 Cal. App. 4th at 1710.

Moreover, to the extent that plaintiff challenges the determination of the California Supreme Court regarding his complaints about attorney misconduct, such claim would be barred under *Rooker-Feldman* because the United States Supreme Court is the only federal court with jurisdiction to review a state court order. *See Noel*, 341 F.3d at 1154.

Accordingly, the first amended complaint should be dismissed without leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

**Conclusion**

Accordingly, it is RECOMMENDED that:

1. Plaintiff's first amended complaint, ECF No. 9, be DISMISSED without leave to amend.

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: October 13, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE